JONATHAN V. HOLTZMAN (SBN 99795)
jholtzman@publiclawgroup.com
JAMES R. ROSS (SBN 149199)
jross@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE D. FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
MARIBEL LOPEZ (SBN 340907)
mlopez@publiclawgroup.com
TAYLOR EVANS (SBN 355492)
tevans@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile:  (415) 848-7230

*Attorneys for Plaintiffs*
HOUSING AUTHORITY OF THE COUNTY OF SAN DIEGO; HOME FORWARD; HOUSING AUTHORITY OF THE CITY OF LOS ANGELES; LOS ANGELES COUNTY DEVELOPMENT AUTHORITY; HOUSING AUTHORITY OF THE CITY OF SALEM; HOUSING AUTHORITY OF BALTIMORE CITY; SAN DIEGO HOUSING COMMISSION

JUHI S. AGGARWAL (OSB No. 130764)*
juhi.aggarwal@homeforward.org
HOME FORWARD
135 SW Ash Street
Portland, OR 97204
Telephone:  503-545-5090

*Attorney for Plaintiff*
HOME FORWARD
*\*Application for admission pro hac vice forthcoming*

DAVID CHIU (SBN 189542)
City Attorney
YVONNE R. MERÉ (SBN 175394)
Chief Deputy City Attorney
MOLLIE M. LEE (SBN 251404)
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
RONALD H. LEE (SBN 238720)
Deputy City Attorney
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102-5402
Telephone: (415) 554-3935
Facsimile:  (415) 437-4644
ronald.lee@sfcityatty.org

*Attorneys for Plaintiff*
HOUSING AUTHORITY OF THE CITY AND COUNTY OF SAN FRANCISCO

DANIEL B. ATCHISON (OSB No. 040424)*
datchison@cityofsalem.net
THOMAS V. CUPANI (OSB No. 924654)*
tcupani@cityofsalem.net
City of Salem, Legal Department
PO Box 14300
Salem, Oregon 97309-3986
Telephone: (503) 588-6003
Facsimile:  (503) 361-2202

*Attorneys for Plaintiff*
HOUSING AUTHORITY OF THE CITY OF SALEM
*\*Application for admission pro hac vice forthcoming*

MICHAEL BUENNAGEL (SBN 259000)
MBuennagel@counsel.lacounty.gov
THOMAS FAUGHAN (SBN 155238)
tfaughnan@counsel.lacounty.gov
BEHNAZ TASHAKORIAN (SBN 213311)*
Btashakorian@counsel.lacounty.gov
Office of the County Counsel
County of Los Angeles
Kenneth Hahn Hall of Administration
500 West Temple Street #648
Los Angeles, CA 90012
Telephone:  (213) 974-1811
*\*Application for Northern District Admission forthcoming*

*Attorneys for Plaintiff*
LOS ANGELES COUNTY DEVELOPMENT AUTHORITY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSING AUTHORITY OF THE COUNTY OF SAN DIEGO; HOME FORWARD; HOUSING AUTHORITY OF THE CITY OF LOS ANGELES; LOS ANGELES COUNTY DEVELOPMENT AUTHORITY; HOUSING AUTHORITY OF THE CITY OF SALEM; HOUSING AUTHORITY OF THE CITY AND COUNTY OF SAN FRANCISCO; HOUSING AUTHORITY OF BALTIMORE CITY; SAN DIEGO HOUSING COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>    Defendants. | Case No. 4:25-cv-08859-KAW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Complaint Filed: October 15, 2025 |

This matter came before the Court on Plaintiffs' Motion for Temporary Restraining Order. For the reasons set forth in the Court's accompanying Order Granting Temporary Restraining Order, it is hereby ORDERED:

1. Plaintiffs' Motion for Temporary Restraining Order is GRANTED;

2. HUD and its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively "Enjoined Parties"), are enjoined from: (1) imposing or enforcing the HUD Grant Conditions, as defined in the Motion, or any materially similar terms or conditions, on Plaintiffs at any stage of the grant process, including but not limited to in new notices of funding availability or opportunity, grant applications, selection and funding allocation, grant agreements, or post-award submissions; (2) requiring Plaintiffs to make any certification or other representation related to compliance with such terms or conditions in order to apply for or receive HUD funds; or (3) refusing to issue, process, or sign grant agreements based on Plaintiffs' participation in this lawsuit.

3. The Enjoined Parties shall immediately rescind and treat as null and void any actions taken to implement or enforce the HUD Grant Conditions or any materially similar terms or conditions as to Plaintiffs, including requiring any certification or other representation related to compliance with the HUD Grant Conditions or any materially similar terms or conditions, and may not retroactively apply such terms or conditions to already awarded HUD funds during the effective period of this temporary restraining order.

4. The Enjoined Parties shall immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation.

5. By the end of the second day after issuance of this Order, the Enjoined Parties shall serve and file a Status Report verifying under penalty of perjury that (1) Plaintiffs are not subject to the HUD Grant Conditions; and (2) the Enjoined Parties have complied with this Order, including providing a copy of this order on all HUD personnel and detailing additional steps they have taken to comply with this Order.

6. To afford time for the parties to provide complete briefing and in light of the complexity of the issues raised, good cause exists to extend the TRO an additional fourteen days beyond the initial fourteen-day period. *See* Fed. R. Civ. P. 65(b)(2). Accordingly, this restraining order shall remain in place until November __, 2025 pending further order of this Court.

IT IS SO ORDERED

Dated this ___ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE