UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSING AUTHORITY OF THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>           Plaintiffs,<br><br>     v.<br><br>SCOTT TURNER, et al.,<br><br>           Defendants. | Case No. 25-cv-08859-JST<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 9 |

Before the Court is Plaintiffs' motion for a temporary restraining order. In light of the serious legal issues raised by Plaintiffs, the likelihood of irreparable harm to them, and the absence of prejudice to the government, the Court will grant the motion for temporary restraining order and issue an order to show cause why a preliminary injunction should not issue.

## I.   BACKGROUND

Plaintiff public housing agencies bring this case against the U.S. Department of Housing and Urban Development ("HUD") and HUD Secretary Scott Turner. They allege that HUD has imposed new, unlawful requirements on Plaintiffs to comply with current and future Executive Orders issued by the Trump administration relating to "diversity, equity, and inclusion"; "gender ideology"; immigration; and elective abortions (collectively the "HUD Grant Conditions").[1]  ECF No. 9-1 at 13. The agencies must either certify that they will comply with said orders or lose federal funding that is necessary for them to maintain their operations. *See generally* ECF No. 9-1. The earliest certification deadline occurs on October 21, 2025 at 5:00 p.m. Eastern Daylight

---

[1] The term "HUD Grant Conditions" has the same meaning in this order as it has in Plaintiffs' motion for temporary restraining order.

1  Time. *Id.* at 12. Plaintiffs allege that these certification requirements are unlawful in that they

2  violate the Separation of Powers Doctrine; violate the Due Process Clause of the Fifth

3  Amendment; violate the Second Amendment; and violate the Administrative Procedures Act. *See*

4  *generally id.* Plaintiffs allege they will suffer irreparable harm because they "are being compelled

5  to agree to vague, ambiguous, and unlawful conditions at the risk of incurring financial penalties

6  and legal liability, or giving up funds already awarded and, in many cases, accounted for in budget

7  and project planning." *Id.* at 34.

8      Plaintiffs filed their complaint on October 15, 2025. ECF No. 1. They filed this motion

9  for a temporary restraining order on October 16, 2025, requesting relief by 5:00 p.m. Eastern

10  Daylight Time on October 21, 2025. ECF No. 9 at 12. The case was assigned to the undersigned

11  on the morning of Friday, October 17, 2025. ECF No. 12.

12      The Court held a hearing on the afternoon of October 17, 2025 to discuss the parties'

13  positions and establish a timeline for resolving the motion. At that hearing, the government stated

14  that it opposed the motion for the same reasons it opposed relief in the recent case of *City of*

15  *Fresno et al. v. Turner et al.*, No. 3:25-cv-07070-RS (N.D. Cal. 2025). The government also

16  stated that rather than file an opposition to Plaintiffs' motion, it would request that the Court

17  consider the government's arguments in opposition to the motion for temporary restraining order

18  and preliminary injunction in *City of Fresno* as having also been made in the present case, and rule

19  on that basis. When asked, the government was unable to identify any prejudice from the

20  establishment of a briefing schedule that would maintain the status quo while the Court considered

21  the parties' filings in an orderly and deliberate manner.

22  **II.  LEGAL STANDARD**

23      A party may seek a temporary restraining order to preserve the status quo and prevent

24  irreparable harm until a preliminary injunction hearing may be held. *Reno Air Racing Ass'n, Inc.*

25  *v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing *Granny Goose Foods, Inc. v. Brotherhood*

26  *of Teamsters* ("*Granny Goose*"), 415 U.S. 423, 438–39 (1974)); Fed. R. Civ. P. 65(b). The

27  standard for issuing a temporary restraining order mirrors that for issuing a preliminary injunction.

28  *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

"A plaintiff seeking [such relief] must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose*, 415 U.S. at 439).

### III.     DISCUSSION

Evaluating circumstances and legal arguments very similar to those at issue here, courts across the country have granted injunctive relief to halt the enforcement of grant conditions requiring compliance with the President's Executive Orders and related restrictions. *See e.g.*, *Chicago Women in Trades v. Trump*, 778 F. Supp. 3d 959 (N.D. Ill. 2025); *City & Cnty. of San Francisco v. Trump*, 779 F. Supp. 3d 1077 (N.D. Cal.), *opinion clarified* 782 F. Supp. 3d 830 (N.D. Cal. 2025); *S. Educ. Found. v. United States Dep't of Educ.*, 784 F. Supp. 3d 50 (D.D.C. 2025); *Martin Luther King, Jr. Cnty. v. Turner*, 785 F. Supp. 3d 863 (W.D. Wash. 2025); *San Francisco A.I.D.S. Found. v. Trump*, 786 F. Supp. 3d 1184 (N.D. Cal. 2025); *Rhode Island Coalition Against Domestic Violence v. Kennedy*, No. 25-CV-342-MRD-PAS, 2025 WL 2899764 (D.R.I. Oct. 10, 2025).

The Court joins its colleague courts in finding that the circumstances here show at least serious issues going to the merits, a high likelihood of irreparable harm to Plaintiffs, and little or no prejudice to the government. The Court therefore orders as follows:

### ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

1. Plaintiffs' motion for temporary restraining order is GRANTED;

2. HUD and its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively "Enjoined Parties"), are enjoined from: (1) imposing or enforcing the HUD Grant Conditions, as defined in the motion for

temporary restraining order, or any materially similar terms or conditions, on Plaintiffs at any stage of the grant process, including but not limited to new notices of funding availability or opportunity, grant applications, selection and funding allocation, grant agreements, or post-award submissions; (2) requiring Plaintiffs to make any certification or other representation related to compliance with such terms or conditions in order to apply for or receive HUD funds; or (3) refusing to issue, process, or sign grant agreements based on Plaintiffs' participation in this lawsuit.

3.  The Enjoined Parties shall immediately rescind and treat as null and void any actions taken to implement or enforce the HUD Grant Conditions or any materially similar terms or conditions as to Plaintiffs, including requiring any certification or other representation related to compliance with the HUD Grant Conditions or any materially similar terms or conditions, and may not retroactively apply such terms or conditions to already awarded HUD funds during the effective period of this temporary restraining order.

4.  The Enjoined Parties shall immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation.

5.  By October 21, 2025 at 5:00 p.m., Defendants shall serve and file a status report verifying under penalty of perjury that (1) Plaintiffs are not subject to the HUD Grant Conditions; and (2) Defendants have complied with this order, including providing a copy of this order to all HUD personnel. Defendants shall also detail any additional steps they have taken to comply with this order.

6.  To afford time for the parties to provide complete briefing and in light of the complexity of the issues raised, good cause exists to extend the TRO an additional fourteen days beyond the initial fourteen-day period. *See* Fed. R. Civ. P. 65(b)(2). Accordingly, this restraining order shall remain in place until November 14, 2025 pending further order of this Court.

## **ORDER TO SHOW CAUSE**

Defendants are ordered to show cause before this Court why a preliminary injunction should not issue enjoining Defendants during the pendency of this action from imposing or

enforcing the HUD Grant Conditions or any materially similar terms or conditions on any federal funds received by or awarded, directly or indirectly, to Plaintiffs. A hearing on this order to show cause will be held on November 12, 2025 at 9:30 a.m. The hearing will be conducted in person.

It is furthered ordered that:

1. At the government's request, the Court will consider the opposition filed in *City of Fresno* as constituting the government's opposition to Plaintiffs' request for a preliminary injunction. *See* Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, *City of Fresno et al. v. Turner et al.*, No. 3:25-cv-07070-RS (N.D. Cal. Sept. 16, 2025).

2. Plaintiffs' reply is due October 29, 2025.

**IT IS SO ORDERED.**

Dated:  October 18, 2025



JON S. TIGAR
United States District Judge