UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSING AUTHORITY OF THE COUNTY OF SAN DIEGO, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SCOTT TURNER, *et al.*,<br><br>　　　　Defendants. | Case No. 4:25-cv-08859-JST<br><br>**DECLARATION OF VANCE T. MORRIS REGARDING DEFENDANT HUD'S COMPLIANCE WITH TEMPORARY RESTRAINING ORDER** |

I, Vance T. Morris, hereby declare as follows:

1. I am employed by the United States Department of Housing and Urban Development ("HUD") as the Associate General Deputy Assistant Secretary ("GDAS") for the Office of Housing/FHA ("Housing") which includes the Office of Multifamily Housing programs ("MFH"). I have served in this capacity since August 2019. MFH provides mortgage insurance originated by FHA-approved lenders to facilitate the construction, rehabilitation, repair, refinancing, and purchase of multifamily rental housing properties. In addition, MFH administers rental assistance and preservation programs to provide stability, climate resilience, energy efficiency, affordability, and increased access to safe and affordable housing for the nation's workforce, low-income families, seniors, and persons with disabilities.

2. The grant programs identified in the Complaint by Plaintiffs include grants administered by MFH for the Multifamily Housing Services Coordinator program. The Service Coordinators in the Multifamily Housing ("SCMF") program provides funding for the employment of service coordinators in insured and assisted multifamily housing that is designed for the elderly and persons with disabilities. The service coordinator plays a critical role in supporting HUD assisted housing as a platform for financial security, physical security, social connections, and the delivery of long-term community based supportive services, especially for vulnerable populations. My responsibilities and duties include nationally

1. overseeing MFH and SCMF (amongst others) and guiding leaders who manage the workforce who administer grant funding.

3. This declaration is based on my personal knowledge and information provided to me in my official capacity and discussions with HUD leadership.

4. I am aware of the above-captioned lawsuit filed against HUD and HUD Secretary Scott Turner and the Temporary Restraining Order ("TRO") that was entered on October 18, 2025, ECF No. 19. I was provided a copy on October 20, 2025. Among other things, the TRO requires HUD "shall serve and file a status report verifying under penalty of perjury that (1) Plaintiffs are not subject to the HUD Grant Conditions; and (2) Defendants have complied with this order, including providing a copy of this order to all HUD personnel. Defendants shall also detail any additional steps they have taken to comply with this order." ECF No. 19, ¶ 5.

5. Towards that end, the HUD Office of Public Affairs issued the attached notice on Monday, October 20, 2025, to all HUD employees, agents and contractors of the TRO, its provisions and that it enjoined certain actions – as provided in the TRO and as set forth in the OPA notice. *See* Exhibit A. HUD has made clear to its leadership, employees, agents and contractors, whether in this case or other cases in which injunctions were granted, that all leadership, employees, agents and contractors were to comply with such orders.

6. Per the OPA Notice, all Housing, including MFH, leadership, employees, agents and contractors were instructed that the TRO prohibits HUD—including its officers, agents, servants, employees, and attorneys, and "any person in active concert or participation" with HUD—from requiring Plaintiffs to agree to the HUD Grant Conditions or substantially similar conditions as a requirement for receiving funding related to the Multifamily Housing Services Coordinator Grants Program. More specifically:

    a. HUD shall not impose or enforce the HUD Grant Conditions on Plaintiffs at any stage of the grant process, including new notices of funding availability or opportunity, grant

       applications, selection and funding allocation, grant agreements, or post-award submissions.
- b. HUD shall not require Plaintiffs to make any certification or other representation related to compliance with such terms or conditions to apply for or receive HUD funds.
- c. HUD shall not refuse to issue, process, or sign grant agreements based on Plaintiffs' participation in this lawsuit.
- d. HUD shall immediately rescind and treat as null and void any actions taken to implement or enforce the HUD Grant Conditions, including requiring any certification or other representation related to compliance with the HUD Grant Conditions.
- e. HUD may not retroactively apply the HUD Conditions to already awarded HUD funds during the effective period of this temporary restraining order.
- f. HUD shall immediately take every step necessary to effectuate this Order, including clearing any administrative, operational, or technical hurdles to implementation.

7. Housing and MFH recognizes and has informed its employees, agents and contractors that the TRO prevents HUD from imposing upon or enforcing against any Plaintiff certain grant conditions as related in the OPA Notice as follows:

- a. The recipient "shall not use grant funds to promote 'gender ideology,'" as defined in E.O. 14168, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government."
- b. The recipient must certify "that it does not operate any programs that violate any applicable Federal antidiscrimination laws" (which precludes diversity, equity, and inclusion ("DEI") programs) and that such compliance is "material to the U.S. Government's payment decisions" for purposes of the False Claims Act, ]" as required by E.O. 14173, "Ending Illegal Discrimination and Restoring Merit-Based Opportunity", and E.O. 14218, "Ending Taxpayer Subsidization of Open Borders."
- c. Recipients must certify that grants are not used "in a manner that . . . facilitates the subsidization or promotion of illegal immigration or abets policies that seek to shield illegal aliens from deportation" as required by E.O. 14218, "Ending Taxpayer Subsidization of Open Borders" and E.O. 14287, "Protecting American Communities From Criminal Aliens."
- d. Recipients must certify they administer the grants "in accordance with all applicable immigration restrictions and requirements, including the eligibility and verification requirements that apply under title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 . . . (U.S.C. 1601-1646) (PRWORA)" as required by E.O. 14218.
- e. The recipient "does not use any Grant Funds to fund or promote elective abortions," as required by Executive Order No. 14182, "Enforcing the Hyde Amendment".

8. The TRO provides that it will be in effect until November 14, 2025.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge. Executed at Washington, DC on October 21, 2025.

*Vance T. Morris*
Vance T. Morris
Associate General Deputy Assistant Secretary
of the Office of Housing
U.S. Department of Housing & Urban Development

# Exhibit A

**Bernardoni, Jevechius (USACAN)**

| | |
|---|---|
| **From:** | Office of Public Affairs <OfficeofPublicAffairs@hud.gov> |
| **Sent:** | Monday, October 20, 2025 12:53 PM |
| **To:** | Office of Public Affairs |
| **Subject:** | Notice of Court Order - Housing Authority of the County of San Diego, et al. v. Turner, et al., 4:25-cv-08859 (N.D. Cal.) |
| **Attachments:** | ECF No. 19.  Temporary Restraining Order and Order to Show Cause.pdf; 2025.10.20 Notice of TRO ECF 19 updated.pdf |



HUD Staff and Contractors,

At the direction of the United States District Court for the Northern District of California, you are hereby advised that a Temporary Restraining Order (TRO) in the case of *Housing Authority of the County of San Diego, et al. v. Turner, et al.*, 4:25-cv-08859 (N.D. Cal.), ECF No. 19 (October 18, 2025) was issued. The Court has directed that notice of this order shall be provided to "all HUD personnel" by "October 21, 2025 at 5:00 p.m."

A copy of the TRO and notice prepared by HUD's Office of General Counsel regarding it is attached for reference.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSING AUTHORITY OF THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT TURNER, et al.,<br><br>Defendants. | Case No. 25-cv-08859-JST<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 9 |

Before the Court is Plaintiffs' motion for a temporary restraining order. In light of the serious legal issues raised by Plaintiffs, the likelihood of irreparable harm to them, and the absence of prejudice to the government, the Court will grant the motion for temporary restraining order and issue an order to show cause why a preliminary injunction should not issue.

## I.  BACKGROUND

Plaintiff public housing agencies bring this case against the U.S. Department of Housing and Urban Development ("HUD") and HUD Secretary Scott Turner. They allege that HUD has imposed new, unlawful requirements on Plaintiffs to comply with current and future Executive Orders issued by the Trump administration relating to "diversity, equity, and inclusion"; "gender ideology"; immigration; and elective abortions (collectively the "HUD Grant Conditions").[1] ECF No. 9-1 at 13. The agencies must either certify that they will comply with said orders or lose federal funding that is necessary for them to maintain their operations. *See generally* ECF No. 9-1. The earliest certification deadline occurs on October 21, 2025 at 5:00 p.m. Eastern Daylight

---

[1] The term "HUD Grant Conditions" has the same meaning in this order as it has in Plaintiffs' motion for temporary restraining order.

1  Time. *Id.* at 12. Plaintiffs allege that these certification requirements are unlawful in that they
2  violate the Separation of Powers Doctrine; violate the Due Process Clause of the Fifth
3  Amendment; violate the Second Amendment; and violate the Administrative Procedures Act. *See*
4  *generally id.* Plaintiffs allege they will suffer irreparable harm because they "are being compelled
5  to agree to vague, ambiguous, and unlawful conditions at the risk of incurring financial penalties
6  and legal liability, or giving up funds already awarded and, in many cases, accounted for in budget
7  and project planning." *Id.* at 34.

Plaintiffs filed their complaint on October 15, 2025. ECF No. 1. They filed this motion for a temporary restraining order on October 16, 2025, requesting relief by 5:00 p.m. Eastern Daylight Time on October 21, 2025. ECF No. 9 at 12. The case was assigned to the undersigned on the morning of Friday, October 17, 2025. ECF No. 12.

The Court held a hearing on the afternoon of October 17, 2025 to discuss the parties' positions and establish a timeline for resolving the motion. At that hearing, the government stated that it opposed the motion for the same reasons it opposed relief in the recent case of *City of Fresno et al. v. Turner et al.*, No. 3:25-cv-07070-RS (N.D. Cal. 2025). The government also stated that rather than file an opposition to Plaintiffs' motion, it would request that the Court consider the government's arguments in opposition to the motion for temporary restraining order and preliminary injunction in *City of Fresno* as having also been made in the present case, and rule on that basis. When asked, the government was unable to identify any prejudice from the establishment of a briefing schedule that would maintain the status quo while the Court considered the parties' filings in an orderly and deliberate manner.

## II.  LEGAL STANDARD

A party may seek a temporary restraining order to preserve the status quo and prevent irreparable harm until a preliminary injunction hearing may be held. *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters* ("*Granny Goose*"), 415 U.S. 423, 438–39 (1974)); Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order mirrors that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

2

"A plaintiff seeking [such relief] must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose*, 415 U.S. at 439).

## III. DISCUSSION

Evaluating circumstances and legal arguments very similar to those at issue here, courts across the country have granted injunctive relief to halt the enforcement of grant conditions requiring compliance with the President's Executive Orders and related restrictions. *See e.g.*, *Chicago Women in Trades v. Trump*, 778 F. Supp. 3d 959 (N.D. Ill. 2025); *City & Cnty. of San Francisco v. Trump*, 779 F. Supp. 3d 1077 (N.D. Cal.), *opinion clarified* 782 F. Supp. 3d 830 (N.D. Cal. 2025); *S. Educ. Found. v. United States Dep't of Educ.*, 784 F. Supp. 3d 50 (D.D.C. 2025); *Martin Luther King, Jr. Cnty. v. Turner*, 785 F. Supp. 3d 863 (W.D. Wash. 2025); *San Francisco A.I.D.S. Found. v. Trump*, 786 F. Supp. 3d 1184 (N.D. Cal. 2025); *Rhode Island Coalition Against Domestic Violence v. Kennedy*, No. 25-CV-342-MRD-PAS, 2025 WL 2899764 (D.R.I. Oct. 10, 2025).

The Court joins its colleague courts in finding that the circumstances here show at least serious issues going to the merits, a high likelihood of irreparable harm to Plaintiffs, and little or no prejudice to the government. The Court therefore orders as follows:

**ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

1. Plaintiffs' motion for temporary restraining order is GRANTED;

2. HUD and its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively "Enjoined Parties"), are enjoined from: (1) imposing or enforcing the HUD Grant Conditions, as defined in the motion for

3

1 temporary restraining order, or any materially similar terms or conditions, on Plaintiffs at any
2 stage of the grant process, including but not limited to new notices of funding availability or
3 opportunity, grant applications, selection and funding allocation, grant agreements, or post-award
4 submissions; (2) requiring Plaintiffs to make any certification or other representation related to
5 compliance with such terms or conditions in order to apply for or receive HUD funds; or
6 (3) refusing to issue, process, or sign grant agreements based on Plaintiffs' participation in this
7 lawsuit.

3. The Enjoined Parties shall immediately rescind and treat as null and void any actions taken to implement or enforce the HUD Grant Conditions or any materially similar terms or conditions as to Plaintiffs, including requiring any certification or other representation related to compliance with the HUD Grant Conditions or any materially similar terms or conditions, and may not retroactively apply such terms or conditions to already awarded HUD funds during the effective period of this temporary restraining order.

4. The Enjoined Parties shall immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation.

5. By October 21, 2025 at 5:00 p.m., Defendants shall serve and file a status report verifying under penalty of perjury that (1) Plaintiffs are not subject to the HUD Grant Conditions; and (2) Defendants have complied with this order, including providing a copy of this order to all HUD personnel. Defendants shall also detail any additional steps they have taken to comply with this order.

6. To afford time for the parties to provide complete briefing and in light of the complexity of the issues raised, good cause exists to extend the TRO an additional fourteen days beyond the initial fourteen-day period. *See* Fed. R. Civ. P. 65(b)(2). Accordingly, this restraining order shall remain in place until November 14, 2025 pending further order of this Court.

## **ORDER TO SHOW CAUSE**

Defendants are ordered to show cause before this Court why a preliminary injunction should not issue enjoining Defendants during the pendency of this action from imposing or

4

1 enforcing the HUD Grant Conditions or any materially similar terms or conditions on any federal
2 funds received by or awarded, directly or indirectly, to Plaintiffs. A hearing on this order to show
3 cause will be held on November 12, 2025 at 9:30 a.m. The hearing will be conducted in person.

It is furthered ordered that:

1. At the government's request, the Court will consider the opposition filed in *City of Fresno* as constituting the government's opposition to Plaintiffs' request for a preliminary injunction. *See* Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, *City of Fresno et al. v. Turner et al.*, No. 3:25-cv-07070-RS (N.D. Cal. Sept. 16, 2025).

2. Plaintiffs' reply is due October 29, 2025.

**IT IS SO ORDERED.**

Dated: October 18, 2025



_____
JON S. TIGAR
United States District Judge

To:     All Agency Employees and Contractors
        U.S. Department of Housing and Urban Development

From:   Associate General Counsel for Litigation
        Office of the General Counsel
        U.S. Department of Housing and Urban Development

Date:   October 20, 2025

Re:     Notice of Temporary Restraining Order in the case of: *Housing Authority of the County of San Diego, et al. v. Turner*, *et al.,* 4:25-cv-08859 (N.D. Cal.)

---

## NOTICE OF TEMPORARY RESTRAINING ORDER

On October 18, 2025, the United States District Court for the Northern District of California in *Housing Authority of the County of San Diego, et al. v. Turner*, *et al.,* 4:25-cv-08859 (N.D. Cal.) (ECF No. 19), entered a temporary restraining order ("TRO") (note the TRO's caption states "*Housing Authority of the City and County of San Francisco, et al*."). A copy is attached for reference.

The TRO directs that by close of business on October 21, 2025, HUD "shall serve and file a status report verifying under penalty of perjury that (1) Plaintiffs are not subject to the HUD Grant Conditions; and (2) Defendants have complied with this order, including providing a copy of this order to all HUD personnel. Defendants shall also detail any additional steps they have taken to comply with this order." ECF No. 19, ¶ 5. Accordingly, this Notice is provided.

The eight Plaintiffs protected by the TRO are: the Housing Authority of the County of San Diego, Home Forward, the Housing Authority of the City of Los Angeles, the Los Angeles County Development Authority, the Housing Authority of the City of Salem, the Housing Authority of the City and County of San Francisco, the Housing Authority of Baltimore City, and the San Diego Housing Commission.

The TRO affects the following grant programs as to the named Plaintiffs only: Capital Fund Grants, Operating Subsidy Grants, Multifamily Housing Services Coordinator Grants, and Family Self-Sufficiency Grants for Fiscal Years 2024, 2025, and 2026.

The relevant terms at issue (the "HUD Grant Conditions") are:

1. The recipient "shall not use grant funds to promote 'gender ideology,'" as defined in E.O. 14168, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government."
2. The recipient must certify "that it does not operate any programs that violate any applicable Federal antidiscrimination laws" (which precludes diversity, equity, and inclusion ("DEI") programs) and that such compliance is "material to the U.S. Government's payment decisions" for purposes of the False Claims Act, ]" as required by

    E.O. 14173, "Ending Illegal Discrimination and Restoring Merit-Based Opportunity," and E.O. 14218, "Ending Taxpayer Subsidization of Open Borders."

3. Recipients must certify that grants are not used "in a manner that . . . facilitates the subsidization or promotion of illegal immigration or abets policies that seek to shield illegal aliens from deportation" as required by E.O. 14218, "Ending Taxpayer Subsidization of Open Borders" and E.O. 14287, "Protecting American Communities From Criminal Aliens."
4. Recipients must certify they administer the grants "in accordance with all applicable immigration restrictions and requirements, including the eligibility and verification requirements that apply under title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 . . . (U.S.C. §§ 1601-1646) (PRWORA)" as required by E.O. 14218.
5. The recipient "does not use any Grant Funds to fund or promote elective abortions," as required by Executive Order No. 14182, "Enforcing the Hyde Amendment."

The TRO prohibits HUD—including its officers, agents, servants, employees, and attorneys, and "any person in active concert or participation" with HUD—from requiring Plaintiffs to agree to the HUD Grant Conditions or substantially similar conditions as a requirement for receiving funding related to Capital Fund Grants, Operating Subsidy Grants, Multifamily Housing Services Coordinator Grants, and Family Self-Sufficiency Program. More specifically:

1. HUD shall not impose or enforce the HUD Grant Conditions on Plaintiffs at any stage of the grant process, including new notices of funding availability or opportunity, grant applications, selection and funding allocation, grant agreements, or post-award submissions.
2. HUD shall not require Plaintiffs to make any certification or other representation related to compliance with such terms or conditions to apply for or receive HUD funds.
3. HUD shall not refuse to issue, process, or sign grant agreements based on Plaintiffs' participation in this lawsuit.
4. HUD shall immediately rescind and treat as null and void any actions taken to implement or enforce the HUD Grant Conditions, including requiring any certification or other representation related to compliance with the HUD Grant Conditions.
5. HUD may not retroactively apply the HUD Conditions to already awarded HUD funds during the effective period of this temporary restraining order.
6. HUD shall immediately take every step necessary to effectuate this Order, including clearing any administrative, operational, or technical hurdles to implementation.

The TRO remains in effect until November 14, 2025; unless, otherwise ordered by the Court. Please review the TRO.

If you have any questions about the scope or effect of the TRO, please contact HUD's Office of General Counsel. Thank you for your attention to this matter.