ROB BONTA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
JOEL MARRERO
Supervising Deputy Attorney General
HEIDI JOYA
LAUREN GREENAWALT
JONATHAN BENNER
ALEX FLORES
JARRELL E. MITCHELL
Deputy Attorneys General
State Bar No. 305055
  300 South Spring Street
  Los Angeles, CA 90013
  Telephone: (213) 269-6562
  E-mail:  Jarrell.Mitchell@doj.ca.gov
*Attorneys for Plaintiff State of California*

*Additional Counsel Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOUSING AUTHORITY OF THE CITY AND COUNTY OF SAN FRANCISCO, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> TURNER, ET AL., <br><br> Defendants. | Case No. 4:25-cv-08859 <br><br> Assigned to the Honorable Jon S. Tigar <br><br> **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

1

The states of Illinois, California, Arizona, Colorado, Connecticut, Delaware, Hawai'i, Maine, Maryland, Massachusetts, Michigan, New Jersey, Rhode Island, Vermont, and Washington, and the District of Columbia are plaintiffs in the action titled *Illinois v. United States Department of Housing and Urban Development*, No. 3:26-cv-02262 (the "Multistate Action"), filed on March 16, 2026 in the Northern District of California. Plaintiffs submit this administrative motion to notify the Court of that action and request that it be related to the above-captioned matter titled *Housing Authority of the City and County of San Francisco v. Turner*[1], No. 4:25-cv-08859 (the "San Francisco Action," and together with the Multistate Action, the "Actions").  The plaintiffs in the San Francisco Action do not object to the relation of the Actions. The defendants in the Actions have declined to consent.

The Actions challenge several of the same funding conditions imposed by the Department of Housing and Urban Development (HUD) on plaintiffs in each action, on many of the same grounds. The Actions should be related because they meet both requirements of Local Rule 3-12, which provides that cases are related when they "concern substantially the same parties, property, transaction, or event," and it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a).

First, the two Actions concern substantially the same parties and events. Both Actions name Scott Turner, in his official capacity as Secretary of Housing and Urban Development, along with HUD itself, as defendants. Both Actions challenge substantively similar terms and conditions on the use of HUD funding that first appeared in HUD's General Administrative, National, and Departmental Policy Requirements and Terms for HUD's Financial Assistance Programs ("HUD Policy Terms"). San Francisco Complaint ¶¶ 73–76 (discussing new grant term in HUD Policy Terms requiring compliance with executive orders); Multistate Complaint ¶ 69, n.2 (citing HUD Policy Terms as first iteration of disputed funding conditions).

---

[1] Please note this case is also styled as *Housing Authority of the County of San Diego v. Turner*. However, the Court's recent orders in this case are styled as listed in the caption of this motion. *E.g.* Order Granting Preliminary Injunction at 1, *Hous. Auth. of the City & Cnty. of San Francisco v. Turner*, No. 4:25-cv-08859 (N.D. Cal., Nov. 14, 2025), 2025 WL 3187761, ECF No. 33.

Administrative Motion to Consider Whether Cases Should be Related

Both Actions also challenge HUD's mandate that recipients of HUD funding comply with certain executive orders and/or language defined therein, including:

- Executive Order (E.O.) 14168, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," *see* San Francisco Complaint ¶¶ 69, 75; Multistate Complaint ¶¶ 70–71;

- E.O. 14182, "Enforcing the Hyde Amendment," *see* San Francisco Complaint ¶¶ 70, 75; Multistate Complaint ¶¶ 73–74; and

- E.O. 14218, "Ending Taxpayer Subsidization of Open Borders," *see* San Francisco Complaint ¶¶ 66–67, 75; Multistate Complaint ¶¶ 83–84.

Second, the substantial factual overlap in the Actions, described above, would result in unduly burdensome duplication of labor and expenses if they were to proceed before different district court judges. Were the Court to conclude that the Actions are related, significant duplication could be eliminated because many factual and legal issues could be resolved simultaneously for both cases.

In addition to factual overlap, the Actions overlap with respect to legal issues. For example, both Actions challenge some or all of HUD's funding conditions as unconstitutionally vague under the Spending Clause. San Francisco Complaint ¶¶ 143–45; Multistate Complaint ¶¶ 167–77. And because the conditions violate the Spending Clause, both Actions challenge the conditions as contrary to the Constitution under the Administrative Procedure Act. 5 U.S.C. § 706; San Francisco Complaint ¶¶ 166–69; Multistate Complaint ¶¶ 178–82. In fact, this Court has already issued two preliminary rulings in the San Francisco Action enjoining HUD from enforcing or otherwise requiring certification as to the grant conditions in the HUD Policy Terms that largely overlap with the disputed funding conditions at issue in the Multistate Action. *See Hous. Auth. of City & Cnty. of San Francisco v. Turner*, No. 25-CV-08859-JST, 2025 WL 2961794, *1 (N.D. Cal. Oct. 18, 2025) (granting temporary restraining order); *Hous. Auth. of City & Cnty. of San Francisco v. Turner*, No. 25-CV-08859-JST, 2025 WL 3187761 (N.D. Cal. Nov. 14, 2025) (granting preliminary injunction extending the terms of the temporary restraining order). Therefore, this Court is familiar with the overlapping record and legal issues, and it would be an unnecessary duplication of effort for another

Administrative Motion to Consider Whether Cases Should be Related

judge of this District to repeat the work of this Court. Further, relating the Actions will reduce the risk of conflicting rulings on these and possibly other issues and will create opportunities to coordinate merits briefing, as appropriate.

Local Rule 7-11(a) requires an administrative motion to "be accompanied . . . by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." As explained in the accompanying declaration, counsel for the plaintiffs in the Multistate Action contacted counsel for the plaintiffs in the San Francisco Action to ask whether there were any concerns with relating the two Actions. Mitchell Decl. in Support of Admin. Mot. ¶ 4. Plaintiffs' counsel in the San Francisco Action stated they had no concerns. *Id*. Plaintiffs in the Multistate Action also contacted defendants in the Actions to ask whether they would stipulate that the cases should be related. *Id*. at ¶ 5. Counsel for defendants in the Multistate Action and the San Francisco Action were unwilling to stipulate. *Id.*

Dated: March 25, 2026                                      Respectfully submitted,

**KWAME RAOUL**                                            **ROB BONTA**
Attorney General of Illinois                               Attorney General of California
                                                          MICHAEL L. NEWMAN
                                                          Senior Assistant Attorney General
*/s/ Paul Berks*                                          JOEL MARRERO
CARA HENDRICKSON**                                        Supervising Deputy Attorney General
Executive Deputy Attorney General                         HEIDI JOYA
PAUL BERKS**                                              LAUREN GREENAWALT
Complex Litigation Counsel                                JONATHAN BENNER
KATHERINE PANNELLA**                                      ALEX FLORES
Senior Assistant Attorney General
MARY ROSENBERG**
Assistant Attorney General                                */s/ Jarrell E. Mitchell*
Office of the Illinois Attorney General                   JARRELL E. MITCHELL
115 S. LaSalle St., Chicago, IL 60603                     Deputy Attorneys General
(773) 919-2923                                            *Attorneys for Plaintiff State of California*
Paul.Berks@ilag.gov
Cara.Hendrickson@ilag.gov
Katherine.Pannella@ilag.gov
Mary.Rosenberg@ilag.gov
*Attorneys for Plaintiff State of Illinois*

4

**BRIAN L. SCHWALB**
Attorney General of the District of Columbia

*/s/ Nicole S. Hill*
ELIZA H. SIMON
Senior Counsel to the Attorney General
NICOLE S. HILL**
Assistant Attorney General
Office of the Attorney General
of the District of Columbia
400 Sixth Street NW
Washington, D.C. 20001
(202) 727-4171
Nicole.Hill@dc.gov
*Attorneys for Plaintiff District of Columbia*

**PHILIP J. WEISER**
Attorney General of Colorado

*/s/ Kristopher Brambila*
KRISTOPHER BRAMBILA*
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
kristopher.brambila@coag.gov
*Attorneys for Plaintiff State of Colorado*

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

*/s/ Ian R. Liston*
IAN R. LISTON*
Director of Impact Litigation
ROSE E. GIBSON
VANESSA L. KASSAB
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
ian.liston@delaware.gov
*Attorneys for Plaintiff State of Delaware*

**KRISTIN K. MAYES**
Attorney General of the State of Arizona

*/s/ Syreeta A. Tyrell*
HAYLEIGH S. CRAWFORD**
Deputy Solicitor General
SYREETA A. TYRELL**
Senior Litigation Counsel
2005 North Central Avenue
Phoenix, Arizona 85004
Phone: (602) 542-3333
Hayleigh.Crawford@azag.gov
Syreeta.Tyrell@azag.gov
ACL@azag.gov
*Attorneys for Plaintiff State of Arizona*

**WILLIAM TONG**
Attorney General of Connecticut

*/s/ Laura Thurston*
LAURA THURSTON**
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5210
Laura.Thurston@ct.gov
*Attorneys for Plaintiff State of Connecticut*

**ANNE E. LOPEZ**
Attorney General for the State of Hawai'i

*/s/ Kaliko'onālani D. Fernandes*
DAVID D. DAY**
Special Assistant to the Attorney General
KALIKO'ONĀLANI D. FERNANDES**
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov
*Attorneys for Plaintiff State of Hawai'i*

Administrative Motion to Consider Whether Cases Should be Related

**AARON M. FREY**
Attorney General of Maine

*/s/ Katherine W. Thompson*
KATHERINE W. THOMPSON**
Special Counsel
Office of the Attorney General
6 State House Station
Augusta, ME 04333
Tel.: 207-626-8455
Fax: 207-287-3145
Kate.thompson@maine.gov
*Attorneys for Plaintiff State of Maine*

**ANTHONY G. BROWN**
Attorney General of Maryland

*/s/ Yasmin Dagne*
YASMIN DAGNE**
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-223-1580
ydagne@oag.maryland.gov
*Attorneys for Plaintiff State of Maryland*

**JENNIFER DAVENPORT**
Attorney General of New Jersey

*/s/ Farng-Yi D. Foo*
FARNG-YI D. FOO**
MICHELLE KOSTYACK**
Deputy Attorneys General
Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 696-5365
Farng-Yi.Foo@law.njoag.gov
Michelle.Kostyack@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

*/s/ Nita K. Klunder*
NITA K. KLUNDER (BBO No. 689304)*
*State Trial Counsel*
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2394
nita.klunder@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

**DANA NESSEL**
Attorney General of Michigan

*/s/ Neil Giovanatti*
NEIL GIOVANATTI**
*Assistant Attorney General*
Michigan Department of Attorney General
P.O. Box 30212
Lansing, MI 48909
(517) 335-7622
GiovanattiN@michigan.gov
*Attorney for Plaintiff State of Michigan*

**PETER F. NERONHA**
Attorney General for the State of Rhode Island

*/s/ Kyla Duffy*
KYLA DUFFY (RI Bar No. 10897) **
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
kduffy@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

6

CHARITY R. CLARK
Attorney General of Vermont

/s/ Julio A. Thompson
JONATHAN T. ROSE
Solicitor General
JULIO A. THOMPSON*
 Co-Director, Civil Rights Unit
109 State Street
Montpelier, VT 06509
(802) 828-3171
Julio.thompson@vermont.gov
*Attorneys for Plaintiff State of Vermont*

 * *pro hac vice forthcoming*
 ** *admitted pro hac vice*

NICHOLAS W. BROWN
Attorney General of Washington

/s/ Daniel J. Jeon
DANIEL J. JEON**
Assistant Attorney General
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Daniel.jeon@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

Administrative Motion to Consider Whether Cases Should be Related