CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
KENNETH W. BRAKEBILL (CABN 196696)
Acting Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone:  (415) 436-7224
  Facsimile:  (415) 436-6748
  jevechius.bernardoni@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HOUSING AUTHORITY OF THE CITY AND COUNTY OF SAN FRANCISCO, ET AL., | Case No. 4:25-cv-08859-JST |
| Plaintiffs, | **OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| v. | |
| TURNER, ET AL., | |
| Defendants. | The Honorable Jon S. Tigar |

DEFENDANTS' OPPOSITION TO ADMIN. MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
4:25-cv-08859-JST

Defendants respectfully submit this Opposition to Plaintiffs' Administrative Motion to Consider Whether Cases Should Be Related, Dkt. No. 48 ("Motion"). In the Motion, the plaintiffs in the newly filed multistate action *Illinois v. United States Department of Housing and Urban Development*, No. 3:26-cv-02262 (the "Multistate Action"), move pursuant to Local Rule 3-12(b) to relate their case to the above-captioned matter titled *Housing Authority of the City and County of San Francisco v. Turner*, No. 4:25-cv-08859 (the "Housing Authority Action," and together with the Multistate Action, the "Actions").

The Multistate Action primarily seeks review of HUD's September 2025 guidance ("FHAP guidance") regarding the Fair Housing Assistance Programs ("FHAP"), and in particular, the "substantial equivalency" requirement set out under the Fair Housing Act ("FHA"). The Housing Authority Action, by contrast, involves HUD grant conditions applied in entirely separate HUD programs. There would be no efficiency in relating these largely unrelated challenges to HUD activities. Because the two cases arise from different events, involve different parties, and raise distinct legal and factual issues, the Court should deny the Motion.

## I.   LEGAL STANDARD

Under Local Rule 3-12(a), cases may be related where "(1) The actions concern substantially the same parties, property, transaction, or event; *and* (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* Local Rule 3-12(a) (emphasis added).

## II.   ARGUMENT

### A.   The Two Cases Arise From Different Events And Involve Different Parties.

Relation is improper because these Actions fundamentally arise from different events and transactions. The Housing Authority Action suit challenges funding conditions imposed on public housing agencies based on guidance issued by the Office of Public and Indian Housing ("PIH") on July 17, 2025, and guidance issued by the Office of Multifamily Housing ("Multifamily") on June 5, 2025.  The Housing Authority Action concerns PIH's Operating Subsidy Grants, Capital Fund Grants, and Family Self-Sufficiency Grants; and Multifamily's Multifamily Housing Services Coordinator Program Grants ("MHSC"). The relevant PIH notice, Notice PIH 2025-22, titled "Public Housing Operating Grant Eligibility Calculations and Processing for Calendar Year 2026," required public housing agencies to sign

DEFENDANTS' OPPOSITION TO ADMIN. MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
4:25-cv-08859-JST                                      1

a SF-424 certification by October 21, 2025.[1] *Id*. at 7. By signing the certification, public housing agencies certify that they will not use grant funds in ways that violate certain conditions related to Executive Orders.

By contrast, the Multistate Action was filed six months later, challenging distinct agency actions in a different HUD program involving entirely separate processes administered by a completely independent program office controlled by separate and unrelated federal statutes and regulations.[2] The Multistate Action concerns guidance from HUD's Office of Fair Housing and Equal Opportunity ("FHEO") for certified state and local public agencies that are grantees in the FHAP. *See* Multistate Action Compl. at ¶¶ 12-28, 53-86. Plaintiffs challenge two aspects of the FHAP guidance: that HUD's substantial equivalence and related reimbursement standards, along with the imposition of Executive Order terms and conditions, are unlawful under the APA and U.S. Constitution. *See* Multistate Action Compl. ¶¶ 55-56.

Under the FHAP, HUD refers allegations of housing discrimination to certified FHAP agencies (a.k.a. "FHAPs") for investigation, conciliation, and enforcement. 42 U.S.C. § 3610(f); 24 C.F.R. part 115. HUD may certify a FHAP agency if it determines that the substantive rights protected by such agency in its geographic jurisdiction are "substantially equivalent" to those protected by the FHA. 42 U.S.C. § 3610(f)(3). HUD reimburses FHAP agencies at the end of the fiscal year for complaints that have already been acceptably processed by the agency based on the terms of agreements with the agencies that establish requirements relating to the operation and performance of the agency. 42 U.S.C. § 3616; 24 C.F.R. §§ 115.300, .307; Multistate Action Compl. at ¶ 50.

The Multistate Action plaintiffs assert that the FHAP guidance on HUD's "substantial equivalent" standards could result in FHAPs having their certification revoked or being denied reimbursement for work already performed. *See* Multistate Action Compl. at ¶¶ 56-60, 62-66, 105-108. Plaintiffs also challenge the FHAP guidance to the extent it mandates following certain Executive Order conditions that they believe are not lawful under the Fair Housing Act and other authorities. But the Multistate Action

---

[1] *See* Notice PIH 2025-22, https://www.hud.gov/sites/dfiles/OCHCO/documents/PIH_2025-22.pdf.

[2] *Compare* the United States Housing Act of 1937, as amended (specifically, the Capital Fund Program authorized at 42 U.S.C. § 1437g(d), the Operating Subsidy Grants, authorized at 42 U.S.C. § 1437g(e), and the Family Self-Sufficiency Program Grant, authorized at 42 U.S.C. § 1437u); the National Affordable Housing Act of 1990, Public Law 101-625, and the Housing and Community Development Act of 1992, Public Law 104-104, which authorized Multifamily Housing Services Coordinator Grants at 42 U.S.C. § 13631(a) and 42 U.S.C. § 13632, respectively; 24 C.F.R. Chapter IX (Parts 900-1007) (Housing Authority Action), *with* 42 U.S.C. § 3610(f) (the provision for referrals for State or local proceedings under the Fair Housing Act); 24 C.F.R. part 115; *see also* 42 U.S.C. §§ 3601-19; 24 C.F.R. part 103 (Multistate Action).

largely involves analysis of the substantially equivalent and related reimbursement standards under FHAP guidance from FHEO, wholly unrelated to the grants administered by PIH and Multifamily.

The agency actions underlying the Multistate Action, therefore, were separate, discretionary decisions involving different programs administered and managed by distinct program offices affecting different plaintiffs. In their Motion, the plaintiffs argue that the two cases concern substantially the same events solely because both Actions involve similar funding conditions. *See* Mot. at 3. Specifically, the Motion provides that both Actions involve Executive Order ("E.O.") conditions including E.O. 14168, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," E.O. 14182, "Enforcing the Hyde Amendment," and E.O. 14218, "Ending Taxpayer Subsidization of Open Borders." *Id.* However, while similar conditions are present in both Actions, the relevant conditions, involved in wholly separate agency actions, are just one aspect of the Multistate Action—which primarily concerns the "substantial equivalency" issue—and cannot be described as the same "transaction or event" necessary to find the Multistate Action related to the Housing Authority Action. In short, even if there is some overlap between the actions, the focuses of the actions are fundamentally different—and thus it is inappropriate to relate them here. *See Housing Authority of the County of San Diego, et al. v. Turner, et al.*, Case No. 4:25-cv-08859-JST; *City of Fresno, et al. v. Turner, et al.*, Case No. 3:25-cv-07070-RS (where the court declined to find the two cases concerning HUD grant conditions related).

Moreover, plaintiffs note in their motion that the two Actions concern "substantially the same parties" because "[b]oth Actions name Scott Turner, in his official capacity as Secretary of Housing and Urban Development, along with HUD itself, as defendants." Motion at 2. The similarities, however, begin and end there. While both Actions name HUD as a defendant, the Actions involve different HUD offices and include different, additional defendants. The Housing Authority Action challenges actions taken by PIH and Multifamily. *See* Dkt. No. 1 ("Housing Authority Compl.") at ¶¶ 3, 8, 20. The Multistate Action concerns actions taken by FHEO. The Multistate Action plaintiffs are well aware of the difference in programs as they name Craig Trainor, in his official capacity as Assistant Secretary for FHEO, as well as the United States of America, as defendants. Further, the plaintiffs seeking relief in both Actions are entirely distinct. In this matter, Plaintiffs consist of local public housing agencies. By contrast, the

Multistate Action consists of 16 plaintiff states (Illinois, California, Arizona, Colorado, Connecticut, Delaware, Hawai'i, Maine, Maryland, Massachusetts, Michigan, New Jersey, Rhode Island, Vermont, and Washington, and the District of Columbia). Thus, merely naming both HUD and the Secretary of HUD as defendants in both Actions—something the Court may take judicial notice is done in nearly every lawsuit against HUD—is insufficient to find that the Actions concern parties that are "substantially the same."

**B.      Separate Adjudication of These Lawsuits Would Not Result in an Unduly Burdensome Duplication of Labor or Expense or Risk of Conflicting Results.**

Even if the Multistate Action and the Housing Authority Action involve "substantially the same parties, property, transaction, or event" (which they do not), the Actions will not be considered related under Local Rule 3-12(a) unless it also appears likely that adjudication by different judges will result in "an unduly burdensome duplication of labor and expense or conflicting results." The plaintiffs have not identified any meaningful overlap between the factual and legal issues that are presented in the Housing Authority Action and those that will have to be adjudicated in the Multistate Action or explained what efforts would need to be duplicated by the Multistate Action judge. To the contrary, the vast majority of factual and legal issues are separate and discrete.

The plaintiffs only reference two claims in their Motion to support their contention that the Actions contain overlapping legal issues. Plaintiffs reference that both complaints challenge the funding conditions as a violation of the Spending Clause of the U.S. Constitution, Housing Authority Compl. ¶¶ 143–45; Multistate Action Compl. ¶¶ 167–77, and contrary to the Constitution under the Administrative Procedure Act ("APA"), Housing Authority Compl. ¶¶ 166–69; Multistate Action Compl. ¶¶ 178–82. Even taking that as true, the vast majority of legal issues in both Actions do not overlap. Indeed, the Housing Authority Action brings a separate Separation of Powers claim, a Fifth Amendment Due Process Claim, and a variety of APA claims pertaining to PIH's notice and Multifamily's notice. *See gen*. Housing Authority Compl. Unlike the Housing Authority Action, the Multistate Action does not raise Separation of Powers or Fifth Amendment claims. And the Multistate Action plaintiffs' claims are grounded generally in alleged violations of the FHA and 24 C.F.R. part 115, laws not at issue in the Housing Authority Action.

While both cases have APA claims, the nature of most of those APA claims are different. For example, the Multistate Action involves the following four claims relating to FHEO's substantial

equivalence and related reimbursement guidance which has no connection to the Housing Authority Action: (1) Agency Action in Excess of Statutory Authority, (2) Agency Action Not in Accordance with Law, (3) Arbitrary and Capricious Agency Action, and (4) Agency Action without Observance of Procedure Required by Law. *See gen*. Multistate Action Compl. If the Housing Authority Action survives Defendants' Motion to Dismiss, Dkt. No. 41, the case will be decided on an administrative record that is unique to the decisions to issue the PIH notice and the Multifamily Guidance and wholly distinct from the Multistate Action's FHAP-related decisions.

Accordingly, the Multistate Action will focus on different factual and legal issues not presented in the Housing Authority Action and will instead require the Court to consider whether FHEO's FHAP guidance (regarding substantial equivalence and related reimbursement standards) violates the APA. Indeed, there is no factual overlap at all because these are APA cases. In APA cases, "it is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Gill v. Dep't of Just.*, 246 F. Supp. 3d 1264, 1268 (N.D. Cal. 2017), *aff'd sub nom. Gill v. United States Dep't of Just.*, 913 F.3d 1179 (9th Cir. 2019) (internal citations omitted). Therefore, district courts "do not resolve factual issues, but operate instead as appellate courts resolving legal questions." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1096 (D.C. Cir. 1996). *See also Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993) ("The entire case on review is a question of law, and only a question of law."). In light of the different legal issues presented in these cases, there is no risk of "unduly burdensome duplication of labor and expense." Local Rule 3-12(a). Nor have Plaintiffs identified any potentially inconsistent results that are likely to occur if the cases are separately adjudicated. In short, none of the prerequisites for a related case are present here, and none of the burdens that Local Rule 3-12(a) is designed to prevent would be avoided by ordering the cases related. Accordingly, the definition of related cases has not been met, and the Multistate Action should be found not related to the instant case. *See Hodges v. Akeena Solar, Inc.*, No. 09-cv-02147-JW, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010). To do otherwise would be to imply that all cases that include claims against similar HUD grant conditions (to any degree) should be heard by the same judge, which does not appear to be the practice in this district,

*see City of Fresno et al. v. Turner, et al.*, Case No. 3:25-cv-07070-RS at ECF No. 56 (denying administrative motion to relate *City of Fresno* and the above-captioned action, notwithstanding that both cases involved similar challenged HUD grant conditions), and in any event is neither efficient nor consistent with the bedrock value of random assignment of cases. Local Rule 3-3.

III.  **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny the administrative motion and find that *Illinois v. United States Department of Housing and Urban Development*, No. 3:26-cv-02262 is not related to this case.

DATED:  April 2, 2026                                Respectfully submitted,

                                                     CRAIG H. MISSAKIAN
                                                     United States Attorney

                                                     */s/ Jevechius D. Bernardoni*
                                                     JEVECHIUS D. BERNARDONI
                                                     Assistant United States Attorney

                                                     Attorneys for Defendants