JONATHAN V. HOLTZMAN (SBN 99795)
jholtzman@publiclawgroup.com
JAMES R. ROSS (SBN 149199)
jross@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE D. FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
MARIBEL LOPEZ (SBN 340907)
mlopez@publiclawgroup.com
TAYLOR EVANS (SBN 355492)
tevans@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile: (415) 848-7230

*Attorneys for Plaintiffs*
HOUSING AUTHORITY OF THE COUNTY OF SAN DIEGO; HOME FORWARD; HOUSING AUTHORITY OF THE CITY OF LOS ANGELES; LOS ANGELES COUNTY DEVELOPMENT AUTHORITY; HOUSING AUTHORITY OF THE CITY OF SALEM; HOUSING AUTHORITY OF BALTIMORE CITY; SAN DIEGO HOUSING COMMISSION

JUHI S. AGGARWAL (OSB No. 130764)*
juhi.aggarwal@homeforward.org
HOME FORWARD
135 SW Ash Street
Portland, OR 97204
Telephone: 503-545-5090

*Attorney for Plaintiff*
HOME FORWARD
**Appearing pro hac vice*

DAVID CHIU (SBN 189542)
City Attorney
YVONNE R. MERÉ (SBN 175394)
Chief Deputy City Attorney
MOLLIE M. LEE (SBN 251404)
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
RONALD H. LEE (SBN 238720)
Deputy City Attorney
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102-5402
Telephone: (415) 554-3935
Facsimile: (415) 437-4644
ronald.lee@sfcityatty.org

*Attorneys for Plaintiff*
HOUSING AUTHORITY OF THE CITY AND COUNTY OF SAN FRANCISCO

DANIEL B. ATCHISON (OSB No. 040424)*
datchison@cityofsalem.net
THOMAS V. CUPANI (OSB No. 924654)*
tcupani@cityofsalem.net
City of Salem, Legal Department
PO Box 14300
Salem, Oregon 97309-3986
Telephone: (503) 588-6003
Facsimile: (503) 361-2202

*Attorneys for Plaintiff*
HOUSING AUTHORITY OF THE CITY OF SALEM
**Appearing pro hac vice*

MICHAEL BUENNAGEL (SBN 259000)
MBuennagel@counsel.lacounty.gov
THOMAS FAUGHAN (SBN 155238)
tfaughnan@counsel.lacounty.gov
Office of the County Counsel
County of Los Angeles
Kenneth Hahn Hall of Administration
500 West Temple Street #648
Los Angeles, CA 90012
Telephone: (213) 974-1811

*Attorneys for Plaintiff*
LOS ANGELES COUNTY DEVELOPMENT AUTHORITY

RENNE PUBLIC LAW GROUP
Attorneys at Law

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOUSING AUTHORITY OF THE COUNTY OF SAN DIEGO; HOME FORWARD; HOUSING AUTHORITY OF CITY OF LOS ANGELES; LOS ANGELES COUNTY DEVELOPMENT AUTHORITY; HOUSING AUTHORITY OF THE CITY OF SALEM; HOUSING AUTHORITY OF THE CITY AND COUNTY OF SAN FRANCISCO; HOUSING AUTHORITY OF BALTIMORE CITY; SAN DIEGO HOUSING COMMISSION,

Plaintiffs,

v.

SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

Defendant.

Case No. 4:25-cv-08859-JST

**JOINT CASE MANAGEMENT STATEMENT**

Complaint Filed: October 15, 2025

Hon. Jon S. Tigar

Hearing Date: September 15, 2026
Time: 2:00 p.m.
Location: Zoom Videoconference

Plaintiffs HOUSING AUTHORITY OF THE COUNTY OF SAN DIEGO; HOME FORWARD; HOUSING AUTHORITY OF CITY OF LOS ANGELES; LOS ANGELES COUNTY DEVELOPMENT AUTHORITY; HOUSING AUTHORITY OF THE CITY OF SALEM; HOUSING AUTHORITY OF THE CITY AND COUNTY OF SAN FRANCISCO; HOUSING AUTHORITY OF BALTIMORE CITY; SAN DIEGO HOUSING COMMISSION ("Plaintiffs") and Defendants SCOTT TURNER; the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT ("Defendants") (collectively the "Parties") jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## I. JURISDICTION AND SERVICE

Plaintiffs submit that this Court has subject matter jurisdiction under 28 U.S.C.§ 1331 (federal constitutional and statutory claims) and 28 U.S.C. §§ 2201(a) and 2202 (declaratory relief). However, Defendants assert in their pending motion to dismiss that the case should be transferred to the United States District Court for the Western District of Washington under the first-to-file rule or the District of Columbia pursuant to 28 U.S.C. § 1404(a). There are no issues concerning personal jurisdiction or service.

## II. FACTS

### A. Plaintiffs' Position

Plaintiffs[1] initiated this lawsuit on October 15, 2025. Plaintiffs allege that U.S. Department of Housing and Urban Development and Scott Turner in his official capacity ("HUD" or the "Defendants") are imposing unlawful grant conditions on federally funded programs. Following his inauguration, President Trump issued a series of Executive Orders ("EO") directing executive agencies to impose new conditions on federal grants. *See* EO No. 14151, 90 Fed. Reg. 8339 (Jan. 20, 2025) (Ending Radical and Wasteful Government DEI Programs and Preferencing); EO No. 14173, 90 Fed. Reg. 8633 (Jan. 21, 2025) (Ending Illegal Discrimination and Restoring Merit-Based Opportunity); EO No. 14168, 90 Fed. Reg. 8615 (Jan. 30, 2025) (Defending Women from Gender Ideology Extremism); EO No. 14182, 90

[1] Housing Authority of the County of San Diego ("HACSD"), Home Forward, Housing Authority of the City of Los Angeles ("HACLA"), Los Angeles County Development Authority ("LACDA"), Housing Authority of the City of Salem, Housing Authority of the City and County of San Francisco ("SFHA"), Housing Authority of Baltimore City ("HABC"), and San Diego Housing Commission ("SDHC").

RENNE PUBLIC LAW GROUP
Attorneys at Law

Fed. Reg. 8751 (Jan. 31, 2025) (Enforcing the Hyde Amendment); EO No. 14218, 90 Fed. Reg. 10581 (Feb. 19, 2025) (Ending Taxpayer Subsidization of Open Borders); EO No. 14287, 90 Fed. Reg. 18761 (Apr. 28, 2025) (Protecting American Communities From Criminal Aliens); and EO No. 14332, 90 Fed. Reg. 38929 (Aug. 7, 2025) (Improving Oversight of Federal Grantmaking). Plaintiffs allege that, pursuant to these EOs and other policy directives, HUD has imposed unauthorized and ambiguous grant conditions incorporating the EOs into both existing and future grants.

**B. Defendants' Position**

Defendants contend that Plaintiffs, with the exception of the Salem Housing Authority, have split their claims by being in privity with Plaintiffs in *King County v. Turner*, No. 2:25-cv-00814-BJR (W.D. Wash.). Defendants further contend that their actions are lawful as set forth below. *See*, *infra* § III(A).

## III. LEGAL ISSUES

**A. Plaintiffs' Issues**

Plaintiffs allege that the conditions prohibiting diversity, equity, and inclusion activities; prohibiting "promotion" of so-called "gender ideology" and "elective" abortion; requiring cooperation with federal immigration enforcement and imposing certain immigration status verification requirements; and requiring compliance with existing and future EOs generally violate the separation of powers (Count 1), Spending Clause (Count 2), Due Process Clause of the Fifth Amendment because of vagueness (Count 3), Administrative Procedure Act (APA) because they are arbitrary and capricious (Count 4), APA as they are contrary to the constitution (Count 5), APA as they are in excess of statutory authority (Count 6), and APA as they are agency action taken without compliance with the procedure required by law (Count 7). Plaintiffs seek declaratory and injunctive relief.

**B. Defendants' Issues**

Defendants contend: (a) Plaintiffs do not assert a viable constitutional claim, (b) Congress's spending power was not exceeded, (c) Plaintiffs' claims are not reviewable under the APA, (d) the Grant Conditions do not contravene the APA or HUD's statutory or regulatory authority.

## IV. MOTIONS

On October 18, 2025, this Court issued a temporary restraining order. Dkt. 19. On November 14, 2025, the Court entered a preliminary injunction "extending the terms of the temporary restraining order.

Dkt No. 33.

Defendants filed a Motion to Dismiss or, in the alternative, Transfer on February 2, 2026. That motion was scheduled to be heard on April 2, 2026. Defendants' Motion to Dismiss was fully briefed on February 24, 2026. On March 24, 2026, the Court vacated the motion hearing, finding the matter suitable for disposition without oral argument. Dkt. 47. A decision on Defendants' Motion to Dismiss is currently pending.

Following the disposition of Defendants' Motion to Dismiss, Plaintiffs will consider filing a motion for leave to amend (*see infra*, § V).

The Parties anticipate filing cross-motions for summary judgment under Local Rule 16-5 (regarding cases decided on the administrative record). Prior to any summary judgment motion, Plaintiff anticipates that Defendants will prepare and file the administrative record and an answer. Plaintiffs reserve the right to challenge or supplement Defendants' administrative record.

The parties agree to meet and confer regarding the schedule for filing the administrative record, any objections or motions to supplement the record, Defendants' answer(s), and any motions or cross-motions for summary judgment. The Parties have reviewed Judge Tigar's standing order regarding motions for summary judgment.

## V. AMENDMENT OF PLEADINGS

Plaintiffs may seek leave to file a First Amended Complaint to add additional parties. Defendants request that the Court set an amendment deadline. Plaintiffs request that any deadline to amend should be considered as part of the proposed scheduling order discussed below. *See*, *infra* § XVI. If Plaintiffs file an amended complaint, Defendants reserve all rights and defenses.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence. Defendants informed Plaintiffs that they have litigation holds in place, will compile the administrative record, and do not intend to seek discovery.

## VII. DISCLOSURES

At this stage of the proceedings, the parties agree that, because they intend to proceed under



RENNE PUBLIC LAW GROUP
Attorneys at Law

Local Rule 16-5, they are exempt from the initial disclosure requirement. *See* Fed. R. Civ. P. 26(a)(1)(B)(i).

**VIII. DISCOVERY**

At this stage of the proceedings, the parties do not anticipate discovery in this matter. Defendants take the position that discovery is inappropriate, as the matter must be decided on the administrative record.

**IX. CLASS ACTIONS**

Not Applicable.

**X. RELATED CASES**

Plaintiffs previously filed a motion to consider whether this case is related to *City of Fresno, et al. v. Turner, et al.*, Case No. 3:25-cv-07070-RS (N.D. Cal.). *See* Dkt. 5. Judge Seeborg determined the cases were not related. There are several other cases in this District adjudicating whether similar conditions imposed on other grant programs are also unlawful, including, but not limited to, *City of Fresno, et al. v. Noem, et al.*, Case No. 5:26-cv-01535-WHO (N.D. Cal.); *County of Santa Clara, et al. v. Noem, et al.*, Case No. 3:25-cv-08330-WHO (N.D. Cal.); and *City and County of San Francisco, et al v. United States Department of Justice, et al.*, Case No. 3:25-cv-09277-JD (N.D. Cal.). There are currently several similar cases in other districts across the country.

**XI. RELIEF**

Plaintiffs seek the following relief:

A. A declaration that the HUD Grant Conditions are unconstitutional, not authorized by statute, violate the APA, and otherwise unlawful;

B. A declaration that Defendants' attachment or incorporation of the HUD grant conditions to Plaintiffs funding is unconstitutional, is not authorized by statute, violates the APA and is otherwise unlawful;

C. An order permanently enjoining Defendants and their program offices from imposing or enforcing the HUD grant conditions or any materially similar terms or conditions to any application submitted by Plaintiffs, and any funds awarded or received by Plaintiffs, directly or indirectly;

D. An order pursuant to 5 U.S.C. § 705 that postpones the effective date or any action by any

RENNE PUBLIC LAW GROUP
Attorneys at Law

Defendants to adopt, issue, or enforce the HUD Grant Conditions pending conclusion of this litigation; declares the HUD Grant Conditions void and unenforceable with respect to any application, award, agreement or other document executed by Plaintiffs; and declares that the Discrimination Conditions require compliance with the statutes cited therein as those statutes have been enacted by Congress and interpreted by the judiciary.

E. An order under 5 U.S.C. § 706 holding unlawful, setting aside, and vacating all actions taken by Defendants to: adopt, issue, or implement the HUD Grant Conditions; require, attach, incorporate, implement, or enforce the HUD Grant Conditions at any stage of the grant process, including but not limited to any grant application or grant agreement or subagreement; construe the Discrimination Conditions to require anything other than compliance with the statutes cited in the Discrimination Conditions as they have been enacted by Congress and interpreted by the judiciary.

F. An order permanently enjoining Defendants from retaliating against any Plaintiff for participating in this lawsuit or taking any adverse action based on any Plaintiffs' participation in this lawsuit, including but not limited to reducing the amount of a grant award to that Plaintiff or to any state agency through which Plaintiff may receive grant funding; refusing to issue, process, sign, or approve grant applications, grant agreements, or subgrant agreements; and refusing to issue, process, sign, or approve any notice or request for payment, or reducing the amount of such approval or payment;

G. Award Plaintiffs their reasonable costs and attorneys' fees; and

H. Grant any other further relief that the Court deems just and proper.

Defendants seek judgment in their favor, dismissal, and costs.

## XII. SETTLEMENT AND ADR

The parties discussed settlement and ADR and have reviewed Local Rule 3-5. While the parties remain open to informal discussions to resolve this matter, they do not believe formal ADR would be fruitful at this time.

## XIII. OTHER REFERENCES

Plaintiffs declined magistrate judge jurisdiction. Dkt. No. 8.

## XIV. NARROWING OF ISSUES

The parties met and conferred regarding ways to narrow the issues in this case. The Parties

believe that because the issues in this case are already fairly narrow legal questions capable of resolution on summary judgment, there would be little benefit to deciding any issue piecemeal.

## XV. EXPEDITED TRIAL PROCEDURE

Not applicable.

## XVI. SCHEDULING

Defendants filed an appeal of the Order Granting Preliminary Injunction. Dkt No. 39. Defendants sought a stay of appellate proceedings, pending the court's resolution of the appeal in *King County v. Turner*, No. 2:25-cv-00814-BJR (W.D. Wash.), which Plaintiffs did not oppose. The Ninth Circuit granted the motion and stayed appellate proceedings pending issuance of the mandate in *King County v. Turner*.

On August 25, 2026, the Ninth Circuit issued its decision in *King County v. Turner*, affirming the preliminary injunction in part, remanding in part. *See Cnty. of King v. Turner*, No. 25-3664, 2026 WL 2489361 (9th Cir. Aug. 25, 2026). The decision speaks for itself. The deadline to petition for rehearing has not passed, and the mandate has not been issued.

Counsel for defendants and plaintiffs have been able to successfully reach agreement on scheduling in other similar cases. The parties suggest that the Court request that the parties submit a proposed scheduling order within thirty (30) days of the Court's order on the pending motion to dismiss or transfer or within such time as the Court may require. If the parties are unable to submit an agreed-upon scheduling order, the parties shall each submit their proposed scheduling order for the Court's consideration.

## XVII. TRIAL

At this stage, the parties do not believe a trial is needed, as the issues in this case are capable of resolution via summary judgment.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties are governmental entities and officials; therefore, Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 do not apply.

## XIX. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern

District of California.

Dated: September 8, 2026

RENNE PUBLIC LAW GROUP

By: *_/s/ Jonathan V. Holtzman_*
JONATHAN V. HOLTZMAN

Attorney for Plaintiffs
HOUSING AUTHORITY OF THE COUNTY OF SAN DIEGO; HOME FORWARD DEVELOPMENT ENTERPRISES CORPORATION; HOUSING AUTHORITY OF CITY OF LOS ANGELES; LOS ANGELES COUNTY DEVELOPMENT AUTHORITY; SALEM HOUSING AUTHORITY; HOUSING AUTHORITY OF BALTIMORE CITY; SAN DIEGO HOUSING COMMISSION

Dated: September 8, 2026

SAN FRANCISCO CITY ATTORNEY'S OFFICE

By: *_/s/ Ronald Lee_*
RONALD LEE

Attorney for Plaintiff
HOUSING AUTHORITY OF THE CITY AND COUNTY OF SAN FRANCISCO

Dated: September 8, 2026

By: *_/s/ Jevechius D. Bernardoni_*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney
Attorney for Defendants

**ECF ATTESTATION**

I, JONATHAN V. HOLTZMAN, am the ECF user whose identification and password are being used to file JOINT CASE MANAGEMENT STATEMENT. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other above-named signatories concur in this filing.

Dated: September 8, 2026

RENNE PUBLIC LAW GROUP

By: *\/s/ Jonathan V. Holtzman*
JONATHAN V. HOLTZMAN